UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHIELDS INSTALLATION COMMERCIAL FLOORING, INC, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-00629-RSL <br><br> ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR ORDER TO SHOW CAUSE |

This matter comes before the Court on "Plaintiffs' Motion to Compel Intuit Inc. to Comply With a Subpoena and Motion for Order to Show Cause." Dkt. # 33. Having reviewed the motion, the related declaration (Dkt. # 34), and the record herein, the Court GRANTS plaintiffs' motion to compel and DENIES plaintiffs' motion for an order to show cause.

## I.     Background

Plaintiffs' motion to compel arises out of plaintiffs' claim that defendants failed to timely pay required benefit contributions to plaintiffs in the amount of $225,077.19. Dkt. # 1 at ¶¶ 23–32.

ORDER GRANTING MOTION TO COMPEL
AND DENYING MOTION FOR ORDER TO SHOW
CAUSE - 1

> On July 31, 2025, Plaintiffs delivered requests for production of records to counsel for Shields Installation, seeking payroll documents, tax documents, timekeeping records, and trust fund remittance reports, among other things. In response to those requests, the Defendants stated that they no longer have access to the Quickbooks (i.e., Intuit) accounts for Shields Installation and that they "do not object to Plaintiffs issuing a subpoena to Quickbooks for the records." Exhibit 1 at 5-6, 10.

Dkt. # 33 at 2:16–21. On Sept. 22, 2025, plaintiffs served Intuit with a subpoena seeking the production of "Shields Installation's payroll documents, tax documents, timekeeping records, and trust fund remittance reports." *Id*. at 2:22–3:2. After receiving objections to the subpoena from Intuit, plaintiffs' attorneys met and conferred with attorneys for Intuit on Oct. 31, 2025. *Id*. at 3:3–15.

> During that meeting, the Plaintiffs explained that Shields Installation did not object to a subpoena for Intuit's records and that Shields Installation claimed it no longer had access to their account. During the meeting, Intuit acknowledged that it likely had an account for Shields Installation, requested other identifying information (e.g., the Shields Installation's EIN), and stated it would need three to six weeks to respond to the subpoena. Intuit also made clear that it does not retain records regarding benefits, timekeeping, or general ledgers, and the Plaintiffs did not take issue with that limitation. The Plaintiffs merely requested that Intuit produce such payroll records as it kept for Shields Installation.

*Id*. Plaintiffs state that Intuit stopped responding to plaintiffs after that meeting. *Id*. at 3:16–24. As of Feb. 13, 2026, the date plaintiffs filed their motion to compel, "Intuit ha[d] not responded to Plaintiff's follow-up communications and ha[d] not produced any responsive documents." *Id*. at 3:22–24. Intuit was served a copy of plaintiff's motion to compel but did not file a response. *Id*. at 11.

ORDER GRANTING MOTION TO COMPEL
AND DENYING MOTION FOR ORDER TO SHOW
CAUSE - 2

## II.    Discussion

### 1.  Motion to Compel

Under Fed. R. Civ. P. 45(d)(2)(B), where an objection is made to a subpoena, the party that issued the subpoena may, with proper notice, move for an order compelling production or inspection. Any order compelling production or inspection "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id*. Under LCR 37(a)(1), any motion to compel disclosure or discovery must include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

Here, plaintiffs' counsel of record filed a declaration stating that plaintiffs' counsel met and conferred with counsel for Intuit on Oct. 31, 2025, after which counsel for Intuit stopped responding to plaintiffs. Dkt. # 34 at ¶¶ 9–14. The declaration states that during the meet and confer, "Intuit acknowledged that it likely had an account for Shields Installation" and "stated it would need three to six weeks to respond to the subpoena." *Id*. On Nov. 21, 2025, plaintiffs followed up with counsel for Intuit and offered to provide any further information needed to locate Shields' account. Dkt. # 33, Ex. 6. On Dec. 15, 2025, plaintiffs gave counsel for Intuit notice that if plaintiffs did not receive documents responsive to the subpoena by December 29, 2025, "we will, without any further notice to you, file a motion with the Court to compel Intuit to comply with the subpoena." *Id.*, Ex. 7. Therefore, plaintiffs have met both the notice

ORDER GRANTING MOTION TO COMPEL
AND DENYING MOTION FOR ORDER TO SHOW
CAUSE - 3

requirement of Fed. R. Civ. P. 45(d)(2)(B) and the meet-and-confer requirement of LCR 37(a)(1).

In their motion to compel, plaintiffs have convincingly answered Intuit's objections to plaintiff's subpoena. Dkt. # 33 at 5–9. Counsel for Intuit was served a copy of plaintiffs' motion to compel, Dkt. # 33 at 11, but did not file a response. Therefore, the Court will grant plaintiffs' motion to compel.

### 2.  Motion for Fees and Costs or, Alternatively, an Order to Show Cause

Under Fed. R. Civ. P. 37(a)(5)(A), where a motion to compel has been granted the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Under Fed. R. Civ. P. 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Plaintiffs ask this Court to award plaintiffs their attorney fees and costs associated with this motion or, alternatively, issue an order to show cause why Intuit should not be held in contempt. Dkt. # 33 at 9:8–26. The Court will not be issuing an order to show cause at this time. However, based on the current filings the Court is inclined to award plaintiffs their attorney fees and costs associated with their motion to compel. The Court will therefore consider a motion for attorney fees and costs from plaintiffs if they wish to file one and, consistent with Rule 37(a)(5)(A), the Court will also consider any response filed by Intuit. Briefing on any motion for

ORDER GRANTING MOTION TO COMPEL
AND DENYING MOTION FOR ORDER TO SHOW
CAUSE - 4

attorney fees and costs will proceed pursuant to LCR 7(d)(3). Any briefing should address whether this Court, if it awards fees and costs, should require those fees and costs to be paid by Intuit, its counsel, or both. Fed. R. Civ. P. 37(a)(5)(A).

**III.    Conclusion**

For all the foregoing reasons plaintiffs' motion to compel (Dkt. # 33) is GRANTED and plaintiffs' motion for an order to show cause is DENIED. However, plaintiffs may file a motion for attorney fees and costs associated with their motion to compel. Briefing on any motion for fees and costs will proceed pursuant to LCR 7(d)(3).

Intuit shall comply with plaintiffs' subpoena and produce all responsive documents within fourteen (14) days of this order. The Clerk of Court shall send a copy of this order to counsel for Intuit at the e-mail addresses listed at Dkt. # 33 at 11.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
AND DENYING MOTION FOR ORDER TO SHOW
CAUSE - 5