The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE
EMPLOYEE PAINTERS' TRUST, *et al.*,

    Plaintiffs,

v.

SHIELDS INSTALLATION, *et al.*,

    Defendants.

NO. 25-cv-0629-RSL

**ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I.  INTRODUCTION

Before the Court is "Defendant Frakes' Motion to Dismiss for Failure to State a Claim." Dkt. 11. Defendant Kimberly L. Frakes ("Frakes") moves to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. Dkt. 16. Having reviewed the motion, opposition, and reply thereto, the record of

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

- 1

the case, and the relevant legal authority, the Court denies the motion.[1] The reasoning for the Court's decision follows.

## II.    BACKGROUND[2]

Plaintiffs are the Boards of Trustees of several employee benefit trust funds and related labor-management entities. They allege that the trusts were created pursuant to written declarations of trust between various unions, including the International Union of Painters and Allied Trades District Council No. 5, and various employer associations. They further allege that one or more of the trusts are multiemployer employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), and that the Boards of Trustees are fiduciaries responsible for collecting contributions owed to the trusts.

Plaintiffs allege that, at all relevant times, defendant Shields Installation Commercial Flooring, Inc. ("Shields Installation") was an "employer" within the meaning of ERISA and the Labor Management Relations Act ("LMRA"). Plaintiffs

---

[1] This matter can be decided on the papers submitted. Frakes' request for oral argument is DENIED.

[2] The following facts are drawn from the First Amended Complaint and are accepted as true for purposes of resolving the motion to dismiss. Dkt. 25. Plaintiffs amended the complaint after Frakes filed her motion to dismiss. Her counsel notified the Court that the allegations in the Amended Complaint remain the same as to Frakes and, as such, she reasserted the motion as filed. *See* Dkt. 32.

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

- 2

further allege that Shields Installation was a signatory to a Collective Bargaining Agreement ("CBA") with Linoleum, Carpet & Soft Tile Applicators Local Union No. 1236, IUPAT District Council No. 5, and Signatory Floor Covering Contractors. Through that agreement, Shields Installation agreed to be bound by the CBA and by the Declarations of Trust governing the plaintiff trusts.

Under the CBA and Trust Agreements, Shields Installation was required to remit fringe benefit contributions, dues, deductions, and related amounts to plaintiffs. Plaintiffs allege that Shields Installation failed to timely pay contributions for September 2024 through January 2025, resulting in unpaid contributions, liquidated damages, interest, and attorney's fees totaling $225,077.19. Plaintiffs further allege that Shields Installation employees performed covered work in February, March, and April 2025 for which Shields Installation did not submit required reports or contribution payments.

Frakes' role in Shields Installation is central to the pending motion. Plaintiffs allege that Frakes is one of Shields Installation's "primary managers, officers, directors, owners, principals and/or key employees." Dkt. 25 at ¶ 15. They further allege that Frakes' duties included "decision making regarding operations, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

- 3

processing payroll, and remitting reports, contributions, and payments to the Trusts for each hour of covered labor performed. *Id*.

Plaintiffs assert that Shields Installation ceased operations in approximately April or May 2025, and that Frakes formed Aligned Surfaces LLC ("Aligned Surfaces") with defendant Rodney Jay Shields ("Shields") on April 18, 2025. Plaintiffs claim that Aligned Surfaces uses the same mailing address and phone number as Shields Installation continued Shields Installation's floor-covering installation business using the same or similar operations, services, methods, employees, locations, tools, and equipment. Plaintiffs further allege that Shields Installation, Aligned Surfaces, Shields, and Frakes used Aligned Surfaces to hide covered work, circumvent the CBA, and avoid contractual obligations owed to plaintiffs.

As relevant here, plaintiffs seek to hold Frakes personally liable under provisions in the Trust Agreements for the Employee Painters' Trust and Western Washington Painters Defined Contribution Pension Trust. Plaintiffs allege that those Trust Agreements impose personal liability on the president, treasurer, and any other corporate officer responsible for payment of contributions by a participating employer. Plaintiffs further allege that, "[b]y agreeing to the terms and conditions of the CBA," Frakes "separately agreed to the express terms of the Trust Agreements" containing the officer-liability provision. *Id*. at ¶ 60. Therefore, Frakes was responsible for payment of

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

- 4

contributions and related damages and is obligated under the Trust Agreements to pay unpaid contributions, interest, liquidated damages, audit fees, attorney's fees, and costs.

Plaintiffs assert three causes of action. First, they bring a breach-of-contract claim seeking to enforce the CBA and Trust Agreements and recover unpaid contributions, interest, liquidated damages, attorney's fees, costs, and related relief under ERISA's civil-enforcement provision, 29 U.S.C. § 1132. Second, they allege that Shields Installation and Aligned Surfaces violated ERISA, 29 U.S.C. § 1145, by failing to make required contributions to the Trusts in accordance with the CBA and Trust Agreements. Third, they seek to hold Rodney Shields and Frakes personally liable for the unpaid contributions and related amounts under the officer-liability provisions of the Trust Agreements.

### III.   LEGAL STANDARD

The question for the court on a Rule 12(b)(6) motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*, *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (dismissal is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim). The court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party" and the court's

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

- 5

review is generally limited to the contents of the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## IV.    DISCUSSION

Frakes moves to dismiss the claims against her, arguing that plaintiffs seek to hold her personally liable for Shields Installation's debts even though she did not sign the CBA or Trust Agreements and is not identified in either document. Frakes frames the issue primarily through Washington's statute of frauds. She argues that because plaintiffs seek to hold her liable for Shields Installation's debt, RCW 19.36.010 requires a writing signed by Frakes herself. According to Frakes, because she did not sign the CBA or Trust Agreements, the alleged obligation is void and unenforceable as a matter of law. The Court is not persuaded that this argument requires dismissal at the pleading stage.

The personal-liability claim plaintiffs assert against Frakes is not a freestanding state-law guaranty claim. It arises from ERISA, the LMRA, the CBA, and the Trust Agreements incorporated into the CBA. See 29 U.S.C. §§ 1132, 1145, 185; Dkt. 25 ¶¶ 1–3, 18, 60, 83. In that context, federal common law governs the interpretation and

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

- 6

enforcement of collective-bargaining agreements and related trust obligations, including whether a party manifested assent to be bound. *See Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456–57 (1957) (Section 301 authorizes federal courts to fashion federal common law for collective-bargaining agreements); *S. Cal. Painters & Allied Trades Dist. Council No. 36 v. Best Interiors, Inc.*, 359 F.3d 1127, 1133–34 (9th Cir. 2004) (applying general contract principles to determine whether an employer manifested assent to be bound by a collective-bargaining agreement). Frakes is correct that federal common law does not eliminate the need for mutual assent. *See Best Interiors*, 359 F.3d at 1133–34. But her statute-of-frauds argument assumes that only her individual signature can establish assent to the officer-liability provision. *Best Interiors* does not impose such a categorical signature requirement. Rather, it recognizes that assent to a collective-bargaining agreement may be shown through conduct manifesting an intent to be bound. *Id*. Accordingly, the relevant question at this stage is whether plaintiffs plausibly allege that Frakes personally became bound—by signature, conduct, or other facts showing assent—to the incorporated Trust Agreements' officer-liability provision.

Nor does Frakes' characterization of the alleged obligation as "void" alter the analysis. If the face of the complaint and properly considered documents established that Frakes never signed, authorized, ratified, or otherwise assented to the relevant provision, dismissal might be appropriate. But the Amended Complaint alleges more. Plaintiffs

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

 - 7

allege that Frakes was an officer, owner, manager, principal, or key employee with responsibility for payroll, financial affairs, and remitting contributions; that she knew of Shields Installation's obligations under the CBA and Trust Agreements; and that she separately agreed to the Trust Agreements containing the officer-liability provision. Those allegations may prove insufficient on a developed record, but they preclude dismissal on Frakes' theory that, as a matter of law, the officer-liability provision is unenforceable absent her individual signature.

The Ninth Circuit's decision in *Best Interiors* confirms why Frakes' no-signature argument is too broad. There, the Ninth Circuit recognized that a party may become bound to a labor agreement through conduct manifesting an intent to abide by the agreement. *Id*. at 1133. Thus, the absence of Frakes' individual signature is relevant, but it is not dispositive at the pleading stage.

Frakes' reliance on *Employee Painters Trust Health & Welfare Fund v. Pro-Tec Fireproofing, Inc*., No. C06-1267-RSL, 2008 WL 5262775 (W.D. Wash. Dec. 16, 2008), is not without force. In *Pro-Tec*, this Court declined to impose personal liability on a nonsignatory corporate officer under similar trust-agreement language. That decision underscores an important limitation: officer status alone does not create personal liability, and trust language purporting to impose liability on responsible corporate officers does not eliminate the need to show that the individual became bound. But *Pro-Tec* was decided on

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

- 8

summary judgment on the factual record before the Court; it did not hold that an individual signature is a categorical pleading requirement. *Id.* at *2 ("[T]he undisputed facts do not show that [the company's Treasurer] is personally liable for the company's debt.").

The procedural posture of this case matters. At this stage, the Court is not deciding whether plaintiffs can prove that Frakes personally assented to the Trust Agreements' officer-liability provision. Plaintiffs must only plausibly allege that she did. On that narrower question, *Employee Painters' Trust v. McIntosh Mirror Door & Glass Inc.*, No. 2:13-cv-0108-JLR, 2013 WL 2897970 (W.D. Wash. June 13, 2013), is more directly analogous. There, Judge Robart denied a Rule 12(b)(6) motion where the complaint alleged that the individual defendant was an owner, officer, decisionmaker, and ERISA fiduciary relating to payment of trust contributions. Although Judge Robart observed that the claims could have been pleaded with more detail and specificity, he held that the complaint contained sufficient factual matter to state a plausible claim under *Iqbal* and *Twombly*. *Id*. at *1, *3-*4.

The Amended Complaint contains similar allegations here. Plaintiffs allege that Shields Installation was a party and signatory to the CBA and, through the CBA, agreed to be bound by the Trust Agreements. Plaintiffs further allege that Frakes was a primary manager, officer, director, owner, principal, or key employee of Shields Installation, with

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

- 9

responsibility for operations, contract negotiation, labor relations, financial affairs, payroll, and remitting reports and contributions to the Trusts. They also allege that Frakes knew of Shields Installation's obligations under the CBA and Trust Agreements and, "[b]y agreeing to the terms and conditions of the CBA," separately agreed to the Trust Agreements containing the officer-liability provision. Dkt. 25 ¶ 60. Based on those allegations, plaintiffs contend that Frakes occupied a position equivalent to a corporate officer and became personally bound by the Trust Agreements' officer-liability provision.

These allegations are not robust, and plaintiffs will ultimately need evidence showing that Frakes personally assented—by signature, conduct, or otherwise—to the provision on which they rely, but Rule 12(b)(6) does not require plaintiffs to prove assent now. Nor does it require dismissal merely because plaintiffs have not alleged that Frakes personally signed the CBA or Trust Agreements. Taken together, the allegations of Frakes' officer/manager role, her responsibility for payroll and contribution payments, her knowledge of the CBA and Trust obligations, and alleged separate agreement to the incorporated Trust Agreements are sufficient, though barely, to state a plausible claim for personal liability.

The Court's holding is limited to the sufficiency of the pleadings. Plaintiffs will ultimately have to prove that Frakes personally assented to the Trust Agreements' officer-liability provision, not merely that she held a corporate role or that the Trust Agreements

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

- 10

purport to impose liability on responsible officers. At this stage, however, accepting the Amended Complaint's factual allegations as true and drawing reasonable inferences in plaintiffs' favor, plaintiffs have pleaded enough to survive dismissal. Frakes may renew her arguments at summary judgment if the evidence fails to show personal assent.

## V.    CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Defendant Frakes' motion to dismiss (Dkt. 11).

DATED this 18th day of May 2026.

_Mm S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT FRAKES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

- 11